IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDA A. GUMP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:05-CV-0148-BH (L) |
| v. | § | |
| | § | |
| TRINITY CHRISTIAN ACADEMY, | § | |
| | § | |
| Defendant. | § | Consent Case |

## MEMORANDUM OPINION AND ORDER

Pursuant to the District Court's *Order of Reassignment*, filed May 16, 2005, this matter has been reassigned to the undersigned United States Magistrate Judge for the conduct of all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c). Before the Court are *Defendant's Motion to Abstain Plaintiff's Federal Lawsuit* ("Mot."), filed May 13, 2005, *Plaintiff's Response to Defendant's Motion to Abstain* ("Resp."), filed May 31, 2005. Also before the Court are *Defendant's Reply to Plaintiff's Response to Defendant's Motion to Abstain* ("Reply"), filed June 15, 2005, and *Defendant's Supplemental Reply to Plaintiff's Response to Defendant's Motion to Abstain* ("Supp. Reply"), filed June 21, 2005.[1] Upon consideration of the parties' written submissions and the

---

[1] Plaintiff filed a motion for leave to file a surreply. Although the motion does not so state, it appears that Plaintiff is requesting leave because Defendant raised a number of new arguments in its reply brief. The purpose of a reply brief under local rule 7.1(f), "is to rebut the nonmovant['s] response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D 238, 239–240 (N.D. Tex. 1991); *see also Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 103–104 (N.D. Tex. 2001). Consequently, a court generally will not consider arguments raised for the first time in a reply brief. *See Lacher v. West*, 147 F.Supp.2d 538, 539 (N.D. Tex. 2001). However no "palpable injustice" exists where the nonmovants are given a chance to respond, as would be the situation if the court were to grant the instant motion for leave to file surreply. *See Springs Indus.*, 137 F.R.D. at 240. By granting leave to file a surreply, a court affords the nonmovant an opportunity to respond to the new arguments raised in the movant's reply brief. In addition, as indicated in Plaintiff's certificate of conference, the motion for leave to file a surreply is unopposed. Accordingly, Plaintiff's motion for leave to file a surreply is GRANTED.

1

applicable law, the Court has determined that *Defendant's Motion to Abstain* should be **DENIED.**

## I.   BACKGROUND

Plaintiff Linda A. Gump ("Plaintiff") was a teacher for defendant Trinity Christian Academy ("TCA") for over 16 years. (Compl. at ¶ 5.) In May 2002, Plaintiff took long term disability leave while she recovered from a serious illness. *Id.* After recovering from her illness, Plaintiff worked briefly again for TCA as a substitute teacher until she was terminated. (Compl. at ¶ 6.)

On October 20, 2004, Plaintiff filed suit against TCA in state court, alleging discrimination in employment under the Texas Commission on Human Rights Act ("TCHRA"), Texas Labor Codes §§ 21.051, 21.055, 21.101, and 21.105. (Mot. at 2, ¶ 1.) On January 24, 2005, Plaintiff filed this federal action, alleging parallel discrimination claims under the Americans with Disabilities Act of 1990 and the Age Discrimination in Employment Act of 1967. (Mot. at 2, ¶ 2.)

TCA filed the instant motion for abstention on May 13, 2005, alleging that avoidance of piecemeal litigation and the order of jurisdiction favor abstention. (Mot. at 4–5.) Plaintiff filed a response to the motion on May 31, 2005, arguing that the balance of factors weighs against abstention. (Resp. at 4–9.)

## II.   ANALYSIS

A.   *Colorado River* **Abstention**

Abstention is the doctrine under which a federal district court may decline to exercise or postpone the exercise of its jurisdiction. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). Federal courts have a "virtually unflagging obligation" to exercise their jurisdiction. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983). Abstention based a concurrent state proceeding should be granted only in "extraordinary and narrow" circumstances based on "[w]ise judicial administration, giving regard to conservation of

2

judicial resources and comprehensive disposition of litigation." *Colo. River Water Conservation Dist.*, 424 U.S. at 813, 816 (1976) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). Under the *Colorado River* doctrine, abstention is only appropriate when the following two conditions are met: (1) the state court and federal court proceedings are "parallel" and (2) "exceptional circumstances" exist. *Hodge v. Ampere Automotive Corp*, 2001 WL 1478794, at * 2 (N.D. Tex. Nov 19, 2001). The parties in the instant case agree that this suit involves parallel court proceedings. At issue is whether the exceptional circumstances necessary for abstention are present.

Six factors guide a district court's decision in determining whether to decline exercising jurisdiction in favor of a parallel state proceeding: (1) assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 285–286 (1995). The Supreme Court in *Colorado River* made clear that "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." 424 U.S. at 818–19. The *Colorado River* factors are not to be treated as a "mechanical check list," but instead are to be carefully balanced and applied "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16. The weight to give any one factor will vary from case to case, depending on the particular circumstances of the case. *Id*. Thus, while the factors will weigh differently in each case, a

3

movant must still balance and weigh all of the factors to prove exceptional circumstances warranting abstention exist.

**B.     Application of Factors**

    **1.     Assumption by Either Court of Jurisdiction Over a Res**

The parties agree that the case does not involve any res or property over which a court has taken control. The absence of a factor, however, is not treated as a "neutral item, of no weight in the scales," but as weighing against abstention. *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988).

TCA contends that the neutral factor analysis stated above in *Evanston Ins. Co.* should not be weighed against abstention because it is unsupported by a reading of the Supreme Court's decisions in *Moses H. Cone*. (Reply at 2–3.) Contrary to TCA's position, courts in the Fifth Circuit have consistently weighed neutral factors against abstention. *See Woodward v. Sentry Select In. Co.*, 2004 WL 834634, at *4 (5th Cir. Apr. 16, 2004); *Magna Group Inc. v. Gordon Floor*, 2000 WL 547098, at *2 (5th Cir. May 4, 2000); *Black Sea Invest.,, Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000)*; T & L Computer Sys. v. Stanford*, 2000 WL 175360, at *3 (5th Cir. Feb. 14, 2000); *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999).

This Court, following the weight of authority in the Fifth Circuit, treats the absence of one of the first four factors as weight against abstention. Accordingly, the absence of res or property therefore weighs against abstention. *Murphy*, 168 F.3d at 738 (stating a lack of res or property in the case weighed against abstention).

### 2. Relative Inconvenience of the Forums

Both parties state that the federal and state suits were filed in Dallas, Texas. The Fifth Circuit has found no inconvenience where the federal and state courts are close to each other. *See Murphy*, 168 F.3d at 738 (finding no inconvenience because both courts were in south Texas); *Primerica Life Ins. Co. v. Twyman*, 2002 WL 83750, at * 3 (N.D. Tex. Jan 14, 2002) (finding no inconvenience because the state and federal court were within five city blocks of each other in Dallas). Here, because the state and federal courts in which Plaintiff filed suit are within five city blocks of each other, the Court finds that neither party will be inconvenienced by the location of the separate forums.

Accordingly, this factor weighs against abstention.

### 3. Avoidance of Piecemeal Litigation

TCA alleges that staying the federal suit will avoid piecemeal litigation because the state and federal suits involve the exact same facts and circumstances. (Reply. at 8.) TCA further asserts that the avoidance of piecemeal litigation includes avoiding duplicative litigation and cites *Vulcan Materials Co. v. City of Techuacana*, 238 F.3d 382, 390 (5th Cir. 2001), in support of this claim. *Id*.

While duplicative litigation is discouraged as between federal courts, the Supreme Court has held that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in federal court." *Colo. River Water Conservation Dist.*, 424 U.S. at 817 (citing *McClellan v. Carland,* 217 U.S. 268, 282 (1910)). In *Murphy*, a case also involving claims under the ADEA and TCHRA, the court held that although the litigation was duplicative, it was not piecemeal because there was only one plaintiff, one defendant, and one issue. 168 F.3d at 738

5

(citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994)).  Contrary to TCA's argument, duplicative litigation is not a factor to be considered in an abstention determination.  *Evanston*, 844 F.2d at 1192 (citing *Colo. River Water Conservation Dist.*, 424 U.S. at 817).  "The only bar to duplicative litigation is dismissal due to *res judicata*."  *Murphy*, 168 F.3d at 738.  Thus, even assuming arguendo that the instant litigation is duplicative, the Court is not required to consider this factor in making its abstention determination.

Moreover, even if the litigation is considered piecemeal, this factor still weighs against abstention because the real concern regarding avoidance of piecemeal litigation is the danger of inconsistent rulings regarding res.  *Black Sea Inv., Ltd.*, 204 F.3d at 650-651.  In the instant cases, there is no disputed res; thus there is no such danger.  Accordingly, this factor also weighs against abstention.

   **4.      Order in Which Jurisdiction was Obtained by the Concurrent Forums**

TCA contends that the order in which jurisdiction was obtained weighs in favor of abstention because the state court action was filed first.  (Mot. at 4.)  TCA also separately argues that the minimal progress made in the federal suit weighs against abstention.  (Mot. at 4–5.)

Although TCA treats the order of jurisdiction and amount of progress separately, courts have addressed them as a single factor.  *See Bank One, N.A. v. Boyd*, 288 F.3d 181, 185 (5th Cir. 2002) (stating that priority should not be given exclusively by which complaint was filed first, but rather by how much progress has been made in the two actions); *Colo. River Water Conservation Dist.*, 424 U.S. at 820–821 (finding the absence of any proceedings in the federal district court, other than the filing of the complaint, significant in affirming abstention); *Ornelas v. Erapmus Inc.*, 1999 WL 222353, at * 2 (N.D. Tex. Apr. 12, 1999) (stating that the fourth factor tips in favor

6

of abstention because the state court action is further along in pre-trial discovery and mediation than the federal action). For this factor to weigh in favor of abstention, a movant must show not only that the suit in federal court has not progressed, but also that the state action has progressed substantially. *See Allen v. La. State Bd. of Dentistry*, 835 F.2d 100, 104 (5th Cir. 1988) (determining that the state proceeding was substantially further along because of extensive discovery in state court); *New Orleans Pub. Serv., Inc. v. The Council of the City of New Orleans*, 911 F.2d 993, 1005 (5th Cir. 1990) (stating that the state proceeding had progressed further than the federal one, since the state court had already rendered judgment on the merits of the sufficiency of the evidence claim); *Melo v. Sewell*, 2005 WL 991600 at *3 (5th Cir. Apr. 21, 2005) (granting abstention because the federal suit had not moved beyond the initial pleading stage, while in the state court there had been extensive discovery and a judgment for dismissal).

Here, the federal and state court are proceeding at approximately the same pace. As of the filing of the Motion to Abstain, only written discovery had been exchanged in state court (Mot. at 4-5), while Federal Rule 26(a)(1) Disclosures were exchanged in federal court. (Supp. Reply.) Substantial progress has not been made in either action. Thus, the lack of a significant difference in progress between the state and federal courts here weighs against abstention. *Murphy*, 168 F.3d at 738-739.

     **5.**    **Whether and to What Extent Federal Law Provides the Rules of Decision on the Merits**

Defendant does not directly address this factor in either its motion or reply brief, but acknowledges that Plaintiff's parallel claims "invoke rights under federal and state law[.]" (Resp. at 5.)

The presence of a federal law issue in a parallel state proceeding is a major consideration

7

weighing against surrender of federal jurisdiction.  *Evanston*, 844 F.2d at 1193 (quoting *Moses H. Cone*, 460 U.S. at 26).  Plaintiff's state proceeding includes claims brought under TCHRA.  (Mot. at 2, ¶ 1.)  The purpose of TCHRA is to coordinate and conform with federal law under Title VII and the ADEA.  *Caballero v. Cent. Power and Light Co.*, 858 S.W.2d 359, 361 (Tex. 1993).  Therefore, in reviewing an employment discrimination claim under the TCHRA, Texas courts are guided by both state law and federal precedent.  *Murphy*, 168 F.3d at 739; *Schroeder v. Texas Iron Works*, 813 S.W.2d 483, 485 (Tex. 1991).  Because TCHRA follows and conforms to federal rules of decision, this factor weighs in favor of retaining jurisdiction.  *Murphy*, 168 F.3d at 739 (weighing the plaintiff's parallel state claim under TCHRA as a factor in favor of retaining jurisdiction).

      **6.**      **Adequacy of State Proceedings in Protecting the Rights of the Party Invoking Federal Jurisdiction**

TCA argues that Plaintiff's assertion that the state court may not adequately protect her rights "is totally unfounded and does not favor the exercise of the Court's jurisdiction."  (Reply at 5.)

This factor has weighed against abstention in cases where the state court may not have had authority to exercise jurisdiction over the subject matter.  *See Moses Cone,* 460 U.S. at 26-27 (doubting whether the state court could compel arbitration)*; Weiner v. Shearson Hammill &* Co., 521 F.2d 817, 821 (9th Cir. 1975) (doubting the state court's subject matter jurisdiction).

As noted above, TCHRA is designed to conform to federal law under ADA and ADEA.  *See Caballero*, 858 S.W.2d 359, 361 (Tex. 1993).  The Texas court is fully capable of resolving the disputes concerning the alleged discrimination.  *See Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 821, 826 (1990) (stating no reason to question the presumption that state courts are just

as able as federal courts to adjudicate Title VII claims). Therefore, this factor does not weigh against abstention.

TCA further contends that in *Evanston's* discussion of this sixth factor, neutrality was treated as a separate concept from a factor weighing against abstention; thus, it is internally inconsistent in evaluating the effect of neutrality   (Reply at 5.)

The adequacy of state proceedings in protecting the rights of the party invoking federal jurisdiction can only be 'a neutral factor or one that weighs against, not for, abstention.' *Evanston*, 844 F.2d at 1193 (explaining that a party still has a right to pursue a claim in the federal forum even if the state court is deemed adequate, because there is no ban on parallel proceedings).  In contrast to the first four factors, the fifth and sixth factors "were not added as considerations to weigh against retaining jurisdiction," but instead to provide support for retaining jurisdiction. *St. Paul Ins. Co.*, 39 F.3d at 589.  Moreover, the task is not for the court to find substantial reasons for exercising jurisdiction; rather, the task is to determine whether exceptional circumstances exist as to "justify the surrender of [federal] jurisdiction." *Moses H. Cone*, 460 U.S. at 25.  Disproving the fifth and sixth factors only proves that the state can hear the suit, not that exceptional circumstances exist to stay the federal proceeding.  Therefore, there is no inconsistency in application of the factors.  The first four factors either weigh for or against abstention, while the fifth and sixth factors either weigh against abstention or have no bearing in the abstention decision.

After reviewing all of the factors, the Court finds that the present action does not constitute the type of exceptional case in which abstention is appropriate.  All of the *Colorado River* factors either weigh against abstention, or are neutral.  Accordingly, the Court declines to stay the federal proceedings.

9

## V.  CONCLUSION

Based on the foregoing reasons, *Defendant's Motion to Abstain and Brief in Support* is **DENIED**.

**SO ORDERED** on this 25th day of July, 2005.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

10